**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **AUNDRA COATS,** ) | Case No. 1:06CV1057 |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | JUDGE ANN ALDRICH |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| Respondent. ) | **MEMORANDUM AND ORDER** |

Before the court is *pro se* petitioner Aundra Coats's ("Coats") petition for relief under 28 U.S.C. § 2255 to vacate or set aside or correct the sentence. (Doc. No. 1.). Respondent United States of America ("the government") has filed a response to the merits of Coats's petition. (Doc. No. 5.). Coats has filed a reply. (Doc. No. 6.). Also before the court is Coats's motion to amend. (Doc. No. 10.).

All issues have been fully briefed and are ripe for adjudication. For the following reasons, the court denies Coats's petition, and denies the motion to amend as moot. Further, the court certifies pursuant to 28 U.S.C. § 2253(c)(1)(B) that an appeal from this order would not be well-taken.

### I. FACTUAL BACKGROUND

On May 12, 2004, a federal grand jury in the Northern District of Ohio returned a two-count indictment charging Coats with distributing cocaine base (crack) (count one), and possession with intent to distribute cocaine base (crack) count two, both in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(A).

On May 26, 2004, the government filed an information pursuant to 21 U.S.C. § 851 notifying Coats of its intention to seek an enhanced statutory penalty under 21 U.S.C. § 841 (b)(1)(A) based on Coats's prior felony drug conviction on October 7, 2002, in Cuyahoga County, Ohio, Common Pleas Court, for trafficking in drugs in violation of Ohio Rev. Code § 2925.03, case number CR425006.

On July 7, 2004, pursuant to a written plea agreement with the government, Coats pleaded guilty to distributing cocaine base as charged in count one of the indictment. On July 9, 2004, Coats was released from custody on the condition of bond.

Coats was released from custody two days after his guilty plea so that he could attempt to comply with the terms of the plea agreement, provide substantial assistance, and thereby receive a recommendation for reduction of sentencing under Rule 35(b) of the Federal Rules of Criminal Procedure. During this time period, Coats's counsel wrote multiple letters to Coats urging him to provide substantial assistance to the government in order to avoid the 20 year mandatory minimum sentence. (Doc. No. 5-2.). Coats attempted to facilitate drug deals in order to substantially assist the government. Coats was never able to put together a large drug deal. Coats alleges that his inability to put together a large drug sale was because of both police unavailability, as well as the fact that the police were unable to provide him with enough money to make a substantial buy; specifically, he required $3,100 but the police could only provide him with $275. (Doc. No. 6.). Ultimately, the government determined that Coats's assistance did not qualify as "substantial" and therefore no Rule 35(b) motion for reduction was filed.

On June 22, 2005, this court sentenced Coats to 240 months imprisonment, followed by

10 years of supervised release, and ordered him to pay a $100 special assessment.  Coats did not appeal his conviction or sentence.

Coats argues that his counsel was ineffective for: 1) allowing Coats to receive a 240 month sentence rather than a 120 month sentence; 2) allowing the government not to honor its agreement to move for a substantial assistance reduction; 3) not objecting to the information filed by the government pursuant to 21 U.S.C. § 851, which notified Coats of its intent to seek an enhanced statutory penalty under section 841(b)(1)(A); and 4) not filing a notice of appeal as requested.

## II.  DISCUSSION

**A.  Standard of Review**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255.

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citation omitted).  Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of  fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the

case conclusively show that the prisoner is entitled to no relief."

Additionally, "[s]entencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted). Rather, "sentencing challenges must be made on direct appeal or they are waived." *Id.* However, "challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in *Strickland v. Washington*." *Id.*

The basis for Coats's motion stems from the alleged ineffective assistance of his trial counsel. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 692-693 (1984). "When a true adversarial criminal trial has been conducted -- even if defense counsel may have made demonstrable errors -- the kind of testing envisioned by the Sixth Amendment has occurred." *United States v. Cronic*, 466 U.S. 648, 656 (1984). The court does not view the purported errors in isolation. Rather, the court views the errors within the context of the entire record to determine whether the errors, taken as a whole, were so egregious as to undermine the fundamental fairness of the trial. *Lundy v. Campbell*, 888 F.2d 467, 472-73 (6th Cir. 1989), cert. denied, 495 U.S. 950 (1990).

The analysis of counsel's performance is two-pronged:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

> Unless a defendant can make both showings, it can not be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687.

The performance inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. The court "must indulge a strong presumption" that counsel's assistance was reasonable, and avoid the "distorting effects of hindsight." *Id.* at 689. A claim of unreasonable performance must be evidenced by more than unsupported generalizations. *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984). Rather, a petitioner must point to specific acts or omissions that fell outside the wide range of competent assistance. *Patel v. United States*, 19 F.3d 1231, 1235 (7th Cir. 1994) (citation omitted). Counsel's performance is to be measured at the time of the representation. *Strickland*, 466 U.S. at 689. Furthermore, the petitioner bears the burden of overcoming a presumption that the challenged conduct might be considered sound trial strategy. *Id.*

Prejudice is demonstrated when there is a reasonable probability that but for counsel's errors, the result would have been different. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The court determines prejudice with attention to whether the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372

**B. Coats's Claims Fail**

**I. Claims 1 and 2: the Plea Agreement and Coats's 240 Month Sentence**

With respect to these claims, Coats fails to meet the standard for habeas relief. Both these claims concern the plea agreement. Specifically, Coats alleges that his counsel let him be sentenced to twenty years rather than ten, and that defense counsel failed to force the government to honor the plea agreement.

First, counsel had no choice in the matter, because Coats faced an enhanced statutory minimum penalty of 240 months imprisonment pursuant to Section 841(b)(1)(A) based on his prior felony drug conviction.

With respect to the plea, the agreement provided that if Coats provided "substantial assistance" after pleading guilty, the government would file a Rule 35(b) motion for reduction in sentencing. (Doc. No. 1-2.). The language of the "substantial assistance" clause states "[t]he decision whether there has been substantial assistance warranting either an addendum to this agreement or a Rule 35(b) motion will be made by the United States Attorney for the Northern District of Ohio. The decision rests solely within his exclusive, reasonable discretion and judgment." *Id*. Given the explicit language of the clause, despite Coats's protestations to the contrary, Coats's counsel was not in a position to do anything further. *See United States v. Bryant*, 46 Fed. Appx. 778, 784 (6th Cir. 2002) ("Where the language of a plea agreement expressly reserves the government's ultimate discretion to determine whether to make the motion, 'a district court may only review the government's refusal to make the motion to determine whether the refusal is based on unconstitutional considerations, such as the defendant's race.'"). *United States v. Benjamin*, 138 F.3d 1069, 1073-74 (6th Cir. 1998) (citing Wade, 504 U.S. at 185-85). Coats asserts no such unconstitutional considerations; he merely

-6-

argues, perhaps rightly so, that the timing did not work out to put together a larger drug deal, despite his best efforts, and that the police did not provide him with enough money to make a large controlled buy. The attached exhibits demonstrate that counsel for Coats was consistently adamant in his efforts that Coats cooperate with government or else be subject to twenty years in prison. (Doc. No. 5-2.). Counsel for Coats was not in a position to alter the discretion of the government, and implored Coats to help the government, even going so far as urging his client to assist the government before Coats self-reported to prison. *Id.* Nothing in the record demonstrates that counsel for Coats was in any way deficient with respect to the plea agreement. Given that these two claims fail on the first prong of the *Strickland* test, the court need not consider the second prong.

**II.  Claim 3: Section 851 Enhancement**

Coats argues that defense counsel's failure to object to the 21 U.S.C. § 851 information filing of the sentence enhancement amounts to ineffective assistance of counsel. The court disagrees. For the purposes of enhancement under section 841(b)(1)(A), the government needed only show that Coats had committed a previous "felony drug offense," which was never contested. It appears that counsel for Coats failed to object because there were no viable grounds for objection. Coats does not allege that he was not convicted on October 7, 2002, in Cuyahoga County Common Pleas Court, for trafficking in drugs weighing between five and ten grams in violation of Ohio Rev. Code, Section 2925.03. Further, under this section Coats was convicted of a third degree felony. The language of section 841 requires only a previous "felony drug offense." Under the explicit terms of the statute, Coats's sentence was therefore

appropriately raised, and no error was committed by his counsel in failing to object.

### III.  Claim 4: Notice of Appeal

Lastly, Coats claims that counsel was ineffective for failing to file a notice of appeal. The court disagrees. In the first place, Coats's motion is somewhat convoluted as to the specificity of this claim. It appears that Coats concedes that he did not ask defense counsel to appeal. To wit, "Al though [sic] defendant did not request his counsel to file a notice of appeal, defendant had asked his counsel, defendant felt his counsel was not on his side at sentencing when teh [sic] court said I see their [sic] an agreement for ten (10) years, and counsel immediately jumps-up and informed the court that his client is to received [sic] twenty years for his crime." (Doc. No. 1). If there is any doubt, the affidavit of counsel for Coats puts that to rest. Specifically, counsel for Coats avers that Coats never requested that he file a notice of appeal. Coats also points out that at the July 6, 2004 Change of Plea Hearing, counsel for Coats informed the court that the government was seeking an enhancement. Presumably Coats points to this moment as an example of specific behavior prejudicing him. This is not the case. Even if counsel for Coats had remained quiet, it would not have changed the fact that the government was seeking the enhancement, nor would the government or the court have failed to take notice. Nothing in the record demonstrates that counsel's performance was deficient in this respect.

### III.    CONCLUSION

Because the court has rejected all of Coat's claims for relief, his petition for habeas corpus pursuant to 28 U.S.C. § 2255 (Doc. No. 1.) is denied. Therefore, Coats's motion to

amend is denied as moot. The court certifies, pursuant to 28 U.S.C. § 2253(c), that an appeal from this order would not be well taken because Coats has not made a substantial showing of the denial of any constitutional right.

    IT IS SO ORDERED.

                                            */s/ Ann Aldrich*
                                        ANN ALDRICH
                                        UNITED STATES DISTRICT JUDGE

Dated: March 9, 2007