UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,       :
                                                :      CASE NO. 1:04-cr-00255-1
        Plaintiff,                        :
                                                :
vs.                                           :      OPINION & ORDER
                                                :      [Resolving Docs. 41, 42]
AUNDRA COATS,                       :
                                                :
        Defendant.                      :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       In June 2005, Judge Aldrich sentenced Defendant Aundra Coats to 240 months' imprisonment for distributing cocaine base. [Doc. 26.] Coats now moves this Court for a reduction in that sentence. [Docs. 41, 42.] *See* 18 U.S.C. § 3582(c)(2); United States Sentencing Guidelines Manual (USSG) § 1B1.10 (2012). He argues that the Sentencing Commission, with the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), has retroactively reduced the guidelines sentences for cocaine-base offenses, including his. [Docs. 41, 42.] Because the Fair Sentencing Act of 2010 does not retroactively alter statutory-minimum penalties imposed pursuant to 21 U.S.C. § 841, the provision under which Coats was sentenced, the Court **DENIES** Coats's motion.

**I. Background**

       In April 2004, a grand jury indicted Coats for distributing more than fifty grams of cocaine base and possessing more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). [Doc. 6.] On June 2, 2004, Coats pled guilty to Count I of the indictment, knowingly and intentionally distributing more than fifty grams of cocaine base. [Doc. 16.] In his plea

Case No. 1:04-cr-00255-1
Gwin, J.

agreement, Coats acknowledged that he was subject to a statutory minimum penalty of 240 months' incarceration based on the quantity of cocaine base involved in the charge and his prior conviction. [Doc. 16 at 3.] On June 21, 2005, Judge Aldrich sentenced Coats to 240 months' incarceration, ten years of supervised release, and a $100 special assessment. [Doc. 25.] In October, 2012, Coats moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). [Docs. 41, 42.] He says that the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), has retroactively reduced the guidelines sentences for cocaine-base offenses, including his. [Docs. 41, 42.]

## II. Analysis

The Court has some authority under 18 U.S.C. § 3582 to reduce a previously imposed sentence. In particular, § 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Accordingly, § 3582(c)(2) authorizes the Court to reduce Coats' sentence only if (1) that sentence is "based on a sentencing range that has subsequently been lowered" and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Court lacks authority under § 3582(c)(2) to grant Coats' requested reduction because his sentence was not "based on a sentencing range that has subsequently been lowered." *Id.* Although Congress retroactively lowered the base offense levels for cocaine-base offenses after Coats was first sentenced, *compare* USSG § 2D1.1 (2004) *with* USSG § 2D1.1 (2012), Coats was sentenced pursuant to a guideline range whose lower bound was based on the statutory minimum for his

Case No. 1:04-cr-00255-1
Gwin, J.

offense. The subsequent change in the statutory-minimum penalty applicable to Coats has not been made retroactively applicable, *see United States v. Stanley*, 11-4423, 2012 WL 4014932 at \*2 (6th Cir. Sept. 13, 2012), and, thus, by extension, neither has the applicable guideline range. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010).

Coats's argument hinges on changes to 21 U.S.C. § 841(b)(1). That statute delineates minimum penalties for certain repeat offenders convicted of possessing more specified quantities of cocaine base. When Coats was charged and pled guilty, § 841(b)(1)(B)(iii) imposed a twenty-year minimum penalty on certain repeat offenders who posessed more than fifty grams of cocaine. 21 U.S.C. § 841(b)(1)(A) (2004). Today, that twenty-year minimum sentence applies to repeat offenders convicted of possessing more than 280 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) (2012). Coats, of course, pled guilty to possessing between fifty and 150 grams of cocaine base. A repeat offender possessing that quantity of cocaine base would today be subject to 21 U.S.C. § 841(b)(1)(B) (2012), which specifies a ten-year minimum sentence. Coats says that the Fair Sentencing Act of 2010 makes this statutory change retroactively applicable, and, thus, permits this Court to reduce his sentence.

It does not. *See Stanley*, 2012 WL 4014932 at \*2 ("The FSA does not, however, apply retroactively to defendants who were sentenced prior to August 3, 2010.") Offenders "who committed a crack cocaine crime before August 3, 2010, but who are sentenced after that date" are entitled to the benefit of the FSA's more lenient mandatory-minimum provisions. *Stanley*, 2012 WL 4014932 at \*3 (citing *Dorsey v. United States*, 132 S.Ct. 2321, 2331-32 (2012)). But "defendants

-3-

Case No. 1:04-cr-00255-1
Gwin, J.

sentenced prior to its enactment" get no such benefit. *Id*. Accordingly, the Court "must apply the penalty provision in place at the time [Coats] committed the crime in question." *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) *cert. denied,* 131 S. Ct. 1706 (2011). And Coats remains subject to 21 U.S.C. § 841(b)(1) as it applied in 2004, including its twenty-year statutory-minimum penalty.

The Court acknowledges the apparent disparities in this state of affairs: Today, a defendant in Coats' situation would not qualify for § 841(b)(1)(A)'s twenty-year statutory minimum, but instead for § 841(b)(1)(B)'s ten-year minimum. That is to say, more than eight years after Coats was charged, someone charged with the same violation might emerge from prison before he does. But this is a policy decision that Congress has made, and this Court does not have the authority to change Congress' determination. Because the changes affected by the Fair Sentencing Act of 2010 are not applicable to Coats, the Court cannot oblige Coats's requested reduction.

### III. Conclusion

For these reasons, the Court **DENIES** Coats' motion for a sentencing reduction.

IT IS SO ORDERED.


Dated: December 11, 2012        s/        *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE